**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AARON BELL,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 17-912** |
| **WILLIAM SULLIVAN, et al.,** | : | |
| **Defendants.** | : | |

**JOINT PROPOSED JURY INSTRUCTIONS**

Plaintiff Aaron Bell and Defendant William Sullivan, by and through his counsel, request that this court permit jury instructions, as follows:

**JURY INSTRUCTION No. 1.1,**
**Role of Jury.**

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

**JURY INSTRUCTION NO. 1.2,**
**Description of Case; Summary of Applicable Law.**

In this case, Plaintiff Aaron Bell claims that Defendant William Sullivan, a building inspector and code enforcement official for the Philadelphia Department of Licenses and Inspections, issued three false citations on Plaintiff's property in order to retaliate against Plaintiff for filing a lawsuit against Martin Morley, and his company the Electricians, Inc.; Defendant William Sullivan denies those claims [and also contends that [describe counterclaims or affirmative defenses]]. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that [plaintiff] must prove to make [his/her/its] case:

[Summarize elements of the applicable cause of action].

**JURY INSTRUCTION NO. 1.3,**
**Conduct of the Jury.**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones [like Blackberries and iPhones], and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services [such as Twitter], or through any blog, website, internet chat room, or by way of any other social networking websites or services [including Facebook, MySpace, LinkedIn, and YouTube].

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. [That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.]

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims [or defenses] until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

[Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.]

**JURY INSTRUCTIONS NO. 1.5,**
**Evidence.**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated--that is, formally agreed to by the parties; and

[4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.]

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers.

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

**JURY INSTRUCTIONS NO. 1.6,**
**Direct and Circumstantial Evidence.**

*Option 1:*

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that is presented to you. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

***Option 2:***

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called “direct evidence.” An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**(Plaintiff believes Option #1 is more appropriate for its simplicity, but otherwise does not object).**

**JURY INSTRUCTIONS NO. 1.7,**
**Credibility of Witnesses.**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

[The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. ]

**JURY INSTRUCTIONS NO. 1.8,**
**Jury Questions for Witnesses.**

*Option 1:*

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses.

**JURY INSTRUCTIONS NO. 1.9,**
**Note-Taking By Jurors.**

*Option 1:*

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

1. Note-taking is permitted, not required. Each of you may take notes. No one is required to take notes.

2. Be brief. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4. Do not take your notes away from court. I repeat, at the end of each day, please leave your notes in the jury room. [Describe logistics of storing and securing notes, for example: "If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations."]

**JURY INSTRUCTIONS 1.10,**
**Preponderance of the Evidence.**

This is a civil case. [Plaintiff Bell] is the party who brought this lawsuit. Defendant Sullivan is the party against whom the lawsuit was filed. [Plaintiff Bell] has the burden of proving his case by what is called the preponderance of the evidence. That means [Plaintiff Bell] has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to [Plaintiff Bell] and the evidence favorable to [Defendant Sullivan] on opposite sides of the scales, [Plaintiff Bell] would have to make the scales tip somewhat on his side. If [Plaintiff Bell] fails to meet this burden, the verdict must be for [Defendant Sullivan]. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[**PARAGRAPHS 3 AND 4 DELETED/NOT RELEVANT].**

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**JURY INSTRUCTION NO. 1.12,**
**Description of Trial Proceedings.**

The trial will proceed in the following manner:

First, attorney(s) for [plaintiff(s)] will make an opening statement to you. Next, attorney(s) for [defendant(s)] may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. [A party is not required to make an opening statement.]

After [Before] the attorneys have made their opening statements, [I will instruct you on the applicable law and] then each party is given an opportunity to present its evidence.

[Plaintiff] goes first because [plaintiff(s)] [has/have] the burden of proof. [Plaintiff(s)] will present witnesses whom counsel for [defendant(s)] may cross-examine, and [plaintiff(s)] may also present evidence. Following [plaintiffs'] case, [defendant(s)] may present evidence. Counsel for [plaintiff(s)] may cross-examine witnesses for the defense. [After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.]

After all the evidence has been presented, [I will instruct you on the law and then] the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. [Once the closing arguments are completed, I will then instruct you on the law.] After that you will retire to the jury room to deliberate on your verdict in this case.

[At this point the court may wish to inform the jury of the scheduling and length of the trial, and other logistical information.]

**JURY INSTRUCTIONS NO. 2.1,**
**Impeachment of Witness's Character for Truthfulness.**

You [have heard] evidence that [PLAINTIFF BELL], a witness, [e.g., has been convicted of a felony]. You may use that evidence only to help you decide whether to believe the testimony of the witness and to determine how much weight to give it. That evidence does not mean that the witness engaged in any conduct alleged in this case, [or that his testimony is untruthful], and you must not use that evidence as any proof that the witness engaged in that conduct.

**(Plaintiff only if prior felony will be excluded).**

**JURY INSTRUCTIONS NO. 2.10,**
**Evidence Admitted for a Limited Purpose.**

You **[have heard that Sullivan's attorneys have previously submitted false evidence to a judge for the purpose of establishing a false defense to assist a person who is no longer a defendant in this case. This]** evidence [] was received for [a] particular limited purpose[s]. [This evidence can be considered by you as evidence that **Sullivan's attorney's letter dated March 15, 2017 was falsely created recently by Sullivan's attorneys—and with his approval—to assist him with his defense in this case, according to what Plaintiff is alleging is a common plan and/or routine practice of fabricating evidence to create a false defense for clients**. **Additionally, this evidence may also be considered by you to Sullivan's 311 Report was also recently fabricated by Sullivan and his attorneys due to the report not being turned over last May as it was required to be if it were in existence at the time.]** It may not be used for any other purpose. [For example, you cannot use it as proof that [**Sullivan is liable for violating Plaintiff's civil rights solely because any conduct of his attorneys; however, the evidence may be considered for punitive damages if you determine that Sullivan is in fact liable for retaliation and conspiracy**].

**(Defendant objects to this instruction).**

**JURY INSTRUCTIONS NO. 3.1,**
**Deliberations.**

When you retire to the jury room to deliberate, you may take with you [these instructions] [your notes] [and] the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

**JURY INSTRUCTION NO. 3.2,**
**Number of Witnesses.**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**JURY INSTRUCTIONS NO. 4.1,**
**Section 1983 introduction.**

[Plaintiff Aaron Bell] is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal [constitutional] [rights under color of state law.

**JURY INSTRUCTION NO. 4.2,**
**Burden of Proof.**

[Provide Instruction 1.10 on burden of proof, modified (if necessary) as discussed in the 6 Comment below.]

**JURY INSTRUCTION NO. 4.3,**
**Elements of Claim.**

[Plaintiff Aaron Bell] must prove both of the following elements by a preponderance of the evidence:

First: [Defendant William Sullivan] acted under color of state law.

Second: While acting under color of state law, [defendant] deprived [plaintiff] of a federal [constitutional right].

I will now give you more details on action under color of state law, after which I will tell you the elements [plaintiff] must prove to establish the violation of [his] federal [constitutional right].

**JURY INSTRUCTION NO. 4.4,**
**Action under Color of State Law.**

The first element of [plaintiff's] claim is that [defendant] acted under color of state law. This means that [plaintiff] must show that [defendant] was using power that [he] possessed by virtue of state law. A person can act under color of state law even if the act violates state law. The question is whether the person was clothed with the authority of the state, by which I mean using or misusing the authority of the state. By "state law," I mean any statute, ordinance, regulation, custom or usage of any state. And when I use the term "state," I am including any political subdivisions of the state, such as a county or municipality, and also any state, county or municipal agencies.

**JURY INSTRUCTION NO. 4.4.1**
**Action under Color of State Law Is Not in Dispute,**
**Version A (government official).**

Because [Defendant William Sullivan] was an official of [the City of Philadelphia] at the relevant time, I instruct you that [he] was acting under color of state law. In other words, this element of [plaintiff's] claim is not in dispute, and you must find that this element has been established.

**JURY INSTRUCTION NO. 4.5,**
**Deprivation of a Federal Right.**

[I have already instructed you on the first element of [plaintiff's] claim, which requires [plaintiff] to prove that [defendant] acted under color of state law.] The second element of [plaintiff's] claim is that [defendant] deprived [him] of a federal [constitutional right] [statutory right]. [The relevant right here is the First Amendment right to file a lawsuit with the courts without being subject to retaliation from a government official acting under the color of law].

**Defendant requests insertion of the following language: "In order to establish a First Amendment retaliation claim, Plaintiff Aaron Bell must establish: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected activity and the retaliatory action." Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006).**

**JURY INSTRUCTIONS NO. 4.8.1,**
**Compensatory Damages.**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not [Defendant Sullivan] should be held liable. If you find [defendant] liable, then you must consider the issue of compensatory damages. You must award [plaintiff Aaron Bell] an amount that will fairly compensate [him/her] for any injury [he] actually sustained as a result of [defendant's] conduct. [Plaintiff] must show that the injury would not have occurred without [defendant's] act [or omission]. [Plaintiff] must also show that [defendant's] act [or omission] played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of [defendant's] act [or omission]. [There can be more than one cause of an injury. To find that [defendant's] act [or omission] caused [plaintiff's] injury, you need not find that [defendant's] act [or omission] was the nearest cause, either in time or space. However, if [plaintiff's] injury was caused by a later, independent event that intervened between [defendant's] act [or omission] and [plaintiff's] injury, [defendant] is not liable unless the injury was reasonably foreseeable by [defendant].] Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence. [Plaintiff] claims the following items of damages [include any of the following – and any other items of damages – that are warranted by the evidence and permitted under the law governing the specific type of claim]:

• ~~Physical harm to [plaintiff] during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that [plaintiff] is reasonably certain to experience in the future. In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent~~.

• Emotional and mental harm to [plaintiff] during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that 1 [plaintiff] is reasonably certain to experience in the future.

• The reasonable value of the medical [psychological, hospital, nursing, and similar] care and supplies that [plaintiff] reasonably needed and actually obtained, and the present value of such care and supplies that [plaintiff] is reasonably certain to need in the future.

~~•The [wages, salary, profits, reasonable value of the working time] that [plaintiff] has lost because of [his] inability [diminished ability] to work, and the present value of the [wages, etc.] that [plaintiff] is reasonably certain to lose in the future because of [his/her] inability [diminished ability] to work~~.

• The reasonable value of property damaged or destroyed.

• The reasonable value of legal services that [plaintiff] reasonably needed and actually obtained to defend and clear [himself].

~~• The reasonable value of each day of confinement after the time [plaintiff] would have been released if [defendant] had not taken the actions that [plaintiff] alleges~~

[Each plaintiff has a duty under the law to "mitigate" his or her damages – that means that the plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the defendant. It is [defendant's] burden to prove that [plaintiff] has failed to mitigate. So if [defendant] persuades you by a preponderance of the evidence that [plaintiff] failed to take advantage of an opportunity that was reasonably available to [him/her], then you must reduce the amount of [plaintiff's] damages by the amount that could have been reasonably obtained if [he/she] had taken advantage of such an opportunity.] [In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.]

**Defendant objects to the addition of the "the reasonable value of property damaged or destroyed" and "the reasonable value of legal services that [plaintiff] reasonably needed and actually obtained to defend and clear [himself]."**

**JURY INSTRUCTIONS NO. 4.8.2,**
**Nominal Damages.**

If you return a verdict for [plaintiff], but [plaintiff] has failed to prove compensatory damages, then you must award nominal damages of $ 1.00. A person whose federal rights were violated is entitled to a recognition of that violation, even if [he] suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred. However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

**JURY INSTRUCTION NO. 4.8.3,**
**Damages Punitive Damages.**

In addition to compensatory or nominal damages, you may consider awarding [plaintiff] punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. [Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.] You may only award punitive damages if you find that [defendant] [a particular defendant] acted maliciously or wantonly in violating [plaintiff's] federally protected rights. [In this case there are multiple defendants. You must make a separate determination whether each defendant acted maliciously or wantonly.] A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when [he] consciously desires to violate federal rights of which [he] is aware, or when [he] consciously desires to injure the plaintiff in a manner [he] knows to be unlawful.

A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully. A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights. If you find that it is more likely than not that [Defendant] [SULLIVAN] acted maliciously or wantonly in violating [plaintiff's] federal rights, then you may award punitive damages [against that defendant]. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive damages unless you have found that [defendant] [the defendant in question] acted maliciously or wantonly in violating [plaintiff's] federal rights. If you have found that [defendant] [the defendant in question] acted maliciously or wantonly in violating [plaintiff's] federal rights, then you should consider the purposes of punitive damages.

The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish [defendant]. You should also consider whether actual damages standing alone are sufficient to deter or prevent [defendant] from again performing any wrongful acts [he/she] may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those [defendant] may have committed. If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which [defendant] should be punished for [his/her] wrongful conduct toward [plaintiff], and the degree to which an award of one sum or another will deter [defendant] or others from committing similar wrongful acts in the future. In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's action. For example, you are entitled to consider [include any of the following that are warranted by the evidence] [whether a defendant's act was violent or non-violent; whether the defendant's act

posed a risk to health or safety; whether the defendant acted in a deliberately deceptive manner; and whether the defendant engaged in repeated misconduct, or a single act.]

You should also consider the amount of harm actually caused by the defendant's act, [as well as the harm the defendant's act could have caused] and the harm that could result if such acts are not deterred in the future. [Bear in mind that when considering whether to use punitive damages to punish [defendant], you should only punish [defendant] for harming [plaintiff], and not for harming people other than [plaintiff]. As I have mentioned, in considering whether to punish [defendant], you should consider the nature of [defendant]'s conduct – in other words, how blameworthy that conduct was. In some cases, evidence that a defendant's conduct harmed other people in addition to the plaintiff can help to show that the defendant's conduct posed a substantial risk of harm to the general public, and so was particularly blameworthy. But if you consider evidence of harm [defendant] caused to people other than [plaintiff], you must make sure to use that evidence only to help you decide how blameworthy the defendant's conduct toward [plaintiff] was.

Do not punish [defendant] for harming people other than [plaintiff].] **[The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources. Therefore, if you find that punitive damages should be awarded against [defendant], you may consider the financial resources of [defendant] in fixing the amount of such damages.]**

**(Plaintiff objects to the financial resources language because Mr. Sullivan has waived insertion of this language by failing to disclose ANY evidence of his wealth).**

**JURY INSTRUCTION NO. 4.16,**
**Missing Witness (Third Circuit Criminal).**

You have heard evidence about [the alleged 311 Operator], who has not been called to testify. [Plaintiff Bell] has argued that [the 311 Operator]'s testimony could have been important to this case and that [311 Operator] was available as a witness only to [Defendant Sullivan] and not to [Plaintiff]. If you find that [Defendant] could have called [the 311 Operator] as a witness and that [the 311 Operator] would have given important new testimony, and you also find that [the 311 Operator] was available as a witness only to the [defense] and not to the defense and that the [defense] failed to call [the 311 Operator], you are permitted, but you are not required, to infer that [the 311 Operator]'s testimony would have been unfavorable to [Defendant Sullivan]. You must decide whether you believe that [the 311 Operator] would have testified unfavorably to the [defense]. You should not draw such a conclusion if the witness was equally available to both parties or if the witness' testimony would have merely repeated the testimony of other witnesses or evidence already presented in the case.

**(Defendant objects to this instruction).**

**JURY INSTRUCTION NO. 9.11 (NINTH CIRCUIT), FIRST AMENDMENT "CITIZEN" PLAINTIFF.**

As previously explained, the plaintiff has the burden of proving that the act[s] of the defendant [SULLIVAN] deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived [him] of [his] rights under the First Amendment to the Constitution when [he issued three citations on Plaintiff's property in order to retaliate against Plaintiff for filing a lawsuit against Martin Morley, and his company, the Electricians, Inc]. Under the First Amendment, a citizen has the right [to petition the government by filing a lawsuit]. In order to prove the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. the plaintiff was engaged in a constitutionally protected activity;

2. the defendant's actions against the plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3. the plaintiff's protected activity was a substantial or motivating factor in the defendant's conduct.

I instruct you that the plaintiff's [speech in this case about [specify]] [specify conduct] was protected under the First Amendment and, therefore, the first element requires no proof.] A substantial or motivating factor is a significant factor.

**(Defendant objects to the use of the Ninth Circuit First Amendment retaliation elements, and would suggest using the Third Circuit's holding in <u>Thomas v. Indep. Twp.</u>, 463 F.3d 285, 296 (3d Cir. 2006), as previously noted).**

**JURY INSTRUCTION NO. ______**
**1983 CIVIL CONSPIRACY (Modeled after Court's November 16, 2017 Opinion, 9).**

Additionally, the plaintiff has the burden of proving that the act[s] of the defendant [SULLIVAN] conspired to deprive him of his First Amendment rights under the United States Constitution. In this case, the plaintiff alleges the defendant conspired to deprive [him] of [his] rights under the First Amendment to the Constitution when [he allegedly wrote Plaintiff false L&I code violations at Martin Morley's request to punish Plaintiff for his lawsuit against Martin Morley and the Electricians, Inc.]. Under the First Amendment, a citizen has the right [to petition the government by filing a lawsuit]. In order to prove the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. the existence of a conspiracy involving state action; and,

2. deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy.

Moreover, in proving a civil conspiracy, Plaintiff Bell must establish a meeting of the minds between Defendant William Sullivan and another person.

**Defendant objects to the inserted language "he allegedly wrote Plaintiff false L&I code violations at Martin Morley's request to punish Plaintiff for his lawsuit against Martin Morley and the Electricians, Inc."**

**JURY INSTRUCTIONS NO. 4.34,**
**Silence in the Face of Accusation (Third Circuit Criminal).**

You heard evidence that [PLAINTIFF AARON BELL] made a statement accusing (DEFENDANT WILLIAM SULLIVAN) of [BEING PART OF THE CONSPIRACY WITH MARTIN MOLREY AND FAILING TO NOTIFY PLAINTIFF OF THE L&I CITATIONS], and that (DEFENDANT SULLIVAN] did not (deny the accusation)(object to the statement)(contradict the statement). If you find that (DEFENDANT SULLIVAN) was present and actually heard and understood the statement, and that it was made under such circumstances that (DEFENDANT SULLIVAN) would be expected to (deny the accusation)(object to the statement)(contradict the statement) if it was not true, then you may consider whether [DEFENDANT SULLIVAN]'s silence was an admission of the truth of the statement.

(**Defendant objects to this instruction).**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AARON BELL,** **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 17-912** |
| **WILLIAM SULLIVAN, et al.,** **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I, Shannon Zabel, Esquire, Attorney for Defendant William Sullivan in the above-captioned matter, certify that the foregoing Joint Proposed Jury Instructions were filed this day via the Court's ECF system and is available for viewing and downloading. I also certify that a copy of the Joint Proposed Jury Instructions has been served upon the Plaintiff by electronic mail to his listed email address.

Date: May 4, 2018

*/s/ Shannon Zabel*
Shannon Zabel
Assistant City Solicitor
Pa. Attorney ID No. 321222
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114
shannon.zabel@phila.gov